396 A.2d 392

COMMONWEALTH of Pennsylvania

v.

Harvey Lee TONEY, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 14, 1977.

Decided Dec. 22, 1978.

F. Emmet Ciccone, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from a lower court Order denying relief asked in defendant's petition filed pursuant to the Post Conviction Hearing Act (P.C.H.A.). Act of 1966, Jan. 25, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.* At trial of defendant and co-defendant held November 3–6, 1969, before Judge H. S. LEVIN, without a jury, defendant was found guilty of aggravated robbery and burglary, demurrers having been sustained to certain other charges. Post-trial motions were made and denied. A direct appeal was taken to our Court and we affirmed the judgment of sentence per curiam, 217 Pa.Super. 785 (1970). Allocatur to the Supreme Court was denied. On June 30, 1975, defendant filed his P.C.H.A. petition. Hearing thereon was held on May 6 and 10, 1976, and on August 20, 1976, relief was denied. The

crux of the P.C.H.A. proceedings was that defendant had been assisted ineffectively by counsel in two ways: 1) trial counsel had failed to investigate defendant's statement that there was an alibi witness available and to call this witness to testify at trial, and 2) trial counsel had improperly advised him of his right to trial by jury. These issues are raised for our consideration by counsel different from that at the trial and direct appeal stages.

At the P.C.H.A. hearing, appellant testified that at the time of the crime he was at the home of Lattimore Scruggs, a woman, who was present there also. This information he had transmitted to his trial counsel before trial, intending that Scruggs would be called as an alibi witness. However, counsel did not call this person or otherwise present alibi evidence. As appellant now argues, he told the lower court, on the first day of trial, that certain witnesses necessary for his case were not present. The court accepted this statement and proposed a continuance of three weeks for appellant to settle the matter. Defense counsel acknowledged to the court that "there may be a question of getting witnesses." This testimonial evidence from trial, together with trial counsel's testimony at the P.C.H.A. hearing that he could not recall the existence of available witnesses who were not called but he was sure that had there been such witnesses he would have called them, is the basis for appellant's present argument. Appellant claims that he brought the problem of the missing witness out in open court, that his attorney did nothing, that counsel now (years later) cannot remember having attempted to locate and use the witness for alibi purposes, and that this amounts to ineffective assistance of counsel. He relies on *Commonwealth v. Washington*, 239 Pa.Super. 336, 361 A.2d 670 (1975), where we found ineffective assistance upon counsel's failure to explore a defense alibi.

Appellant either fails to recall or has not read far enough in the trial transcript to find that immediately after the court's on the record cogitations as to whether the continuance should be three weeks, or only one, during which the

matter of witnesses could be solved to the satisfaction of appellant, he and his codefendant conferred off the record with counsel. Thereupon counsel stated that it was defendant's desire to proceed with trial. The following colloquy is recorded:

> THE COURT: Now, having told both of you [defendants Toney and Lawson] that I would continue the case at your request so that there could be conversations between you and your lawyer, *and so that you could bring in witnesses in your behalf,* without anyone saying anything to you, Mr. Lawson raised his hand and said he would like to talk to Mr. Yaskin [trial counsel for both defendants]. Both Mr. Lawson and Mr. Toney approached Mr. Yaskin and spoke with him, and then, without the District Attorney saying anything, or saying anything further, Mr. Yaskin made the statement that you wanted to go ahead today, *that you have no criticisms of your lawyer or of the manner in which this case is prepared, and you are ready to proceed*; is that correct? (Emphasis ours).
>
> DEFENDANT LAWSON: Yes, sir.
>
> DEFENDANT TONEY: Yes.
>
> THE COURT: Have I stated it accurately?
>
> DEFENDANT LAWSON: Yes, sir.
>
> DEFENDANT TONEY: Yes, sir.

This colloquy makes clear that appellant abandoned his position that witnesses, for alibi or other reasons, were missing. It likewise explains trial counsel's testimony at the P.C.H.A. hearing that neither his records nor his recollections of the case contained reference to the matter of witnesses not called—there was nothing for counsel to investigate at trial in this regard because defendant had stated his preference to proceed with the trial and not to go ahead with his contention about an alibi. There was no error to deny relief post-conviction upon this allegation of ineffectiveness.

██ Secondly appellant argues ineffectiveness based upon improper counseling as to waiver of his right to trial by jury. Appellant in his brief to us alludes to a promise of leniency

made to tempt him into agreeing to non-jury trial, which promise was not carried out by his counsel. Thus he alleges his waiver of jury trial was unknowingly made because of ineffective counsel before and during waiver of jury trial colloquy. Despite a fine discussion of this subject in his appellate brief, the issue was not raised during the P.C.H.A hearing. Appellant did not present any testimony as to how he was allegedly misguided or tricked. He remained silent as to this assignment of error even in the face of the court's question:

THE COURT: Now, Mr. Toney, this is your day in Court, you know.

THE WITNESS: Yes, sir.

THE COURT: Is there anything that you want to bring out that Mr. DeMichele [counsel representing appellant at the P.C.H.A. hearing] hasn't brought out on your behalf?

THE WITNESS: No, sir.

We hold that the issue of ineffective counsel as grounded upon trial counsel's not having fully advised appellant of his right to jury trial is waived because not presented to the P.C.H.A. hearing court for possible correction of error if there was any to be found. Additionally, appellant in his brief attacks directly the lower court's colloquy on the waiver of jury trial issue, alleging that it was deficient to establish his knowing and intelligent waiver. Stated thus directly and not under the guise of ineffective counsel, this issue is waived because it was not presented either post-trial or in the P.C.H.A. petition. Act, id., 19 P.S. § 1180–4(b).[1]

Order affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

1. In his P.C.H.A. petition guilty pleas at actions Numbers 1810 and 1811 June Term, 1969, are listed. These actions are not discussed in appellants brief and have therefore been abandoned and are not before us insofar as these proceedings are concerned.